UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE,

      Plaintiff,

v.

NORTHERN LAKES COMMUNITY
MENTAL HEALTH AUTHORITY
and CHRISTINE M. SMITH,

      Defendants.

_____/

Case No. 20-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JOHN DOE, by and through his attorneys, THE

MASTROMARCO FIRM, and hereby complains against Defendants,

NORTHERN LAKES COMMUNITY MENTAL HEALTH AUTHORITY and

CHRISTINE M. SMITH, stating as follows:

## COMMON ALLEGATIONS

1.      That Plaintiff is a resident of the County of Ogemaw, State of Michigan and is otherwise domiciled in the State of Michigan.

2.      That Defendant NORTHERN LAKES COMMUNITY MENTAL HEALTH AUTHORITY (hereinafter referred to as "NLCMHA") is a multi-county community mental health authority created pursuant to MCL 330.1205 of the Michigan Public Health Code, serving six counties within the State of Michigan, including the Counties of Crawford, Grand Traverse, Leelanau, Missaukee, Roscommon, and Wexford, and is otherwise domiciled in the State of Michigan.

3.      That Defendant CHRISTINE M. SMITH is a resident of the County of Crawford, State of Michigan and is otherwise domiciled in the State of Michigan.

4.      That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

5.      That venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391.

6.      That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

7.     That in 2007, Plaintiff began receiving mental health services from Defendant NLCMHA.

8.     That at all times material hereto, Plaintiff was a recipient of mental health services from Defendant NLCMHA as the term is defined by the Michigan Mental Health Code.  *See* MCL § 300.1100c(11).

9.      That Plaintiff experiences mental disorders for which he received services from NLCMHA, including, but not limited to, major depressive disorder and anxiety disorder.

10.     That in mid-2017, Plaintiff began receiving mental health services from Defendant Smith, a case manager employed by Defendant NLCMHA.

11.      That at the time Defendant Smith provided Plaintiff mental health services, she was a licensed bachelor's social worker, licensed by the State of Michigan pursuant to MCL § 333.18501 *et seq*.

12.     That while Plaintiff received mental health services from Defendant NLCMHA, he also received housing assistance.

13.     That as he received housing assistance, Defendant NLCMHA had physical access to Plaintiff's housing.

14.     That in the fall 2017, Defendant Smith began behaving in a sexually suggestive manner towards Plaintiff.

15.     That Defendant Smith began grooming Plaintiff for a sexually abusive

relationship.

16.    That Defendant Smith would engage in such grooming activities, including purchasing gifts for Plaintiff and sending naked photographs to his cellular phone.

17.    That on several occasions, Plaintiff would wake from sleep to find Defendant Smith in his home, in his bed, and/or cuddling him.

18.    That when Plaintiff would find Defendant Smith in his bed, he would question her as to why and how she got in his bed.

19.    That Defendant Smith would change the subject and tell Plaintiff that she wanted him to feel loved.

20.    That Defendant Smith would further encourage Plaintiff to not take his medications and tell him that the only thing he needed was someone to care for him.

21.    That Defendant Smith continued to sexually harass Plaintiff, and eventually, engaged in criminal sexual conduct and sexually abused Plaintiff.

22.    That Plaintiff, as a recipient of mental health services, could not consent to the sexual abuse engaged in by Defendant Smith.    *See* MCL § 750.520e(1)(e).[1]

---

[1] MCL § 750.520e(1)(e) provides, "A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and . . . [t]he actor is a mental health professional and the sexual contact occurs during or within 2 years after the period in which the victim is his or her client or patient and not his or her spouse. The consent of the victim is not a defense to a prosecution under this subdivision. . . ."

23.     That Defendant Smith regularly engaged in sexually harassing and sexually abusive behavior with Plaintiff, taking advantage of her position of a mental health provider to manipulate Plaintiff.

24.     That Defendant Smith sexually abusive behavior continued until July 2018.

25.     That at said time, Plaintiff disclosed Defendant Smith's sexual abuse to Sean Kelly, a peer support specialist employed by Defendant NLCMHA.

26.     That Plaintiff's disclosure to Mr. Kelly prompted an Office of Recipient Rights investigation conducted by Defendant NLCMHA.

27.     That on or about October 3, 2018, Karl V. Kovacs, Defendant NLCMHA's Chief Executive Officer, authored a summary report of the recipient rights investigation.

28.     That in the summary of findings and conclusions, Mr. Kovacs wrote:

Issue 1: On an ongoing basis, did now-former NLCMHA case manager Christine Smith have an ongoing sexual relationship with now-former recipient [John Doe] while providing Mr. [Doe] with case management services?

Yes. It was reported to ORR that Ms. Smith had an ongoing sexual relationship with Mr. [Doe], some of which time she served as his case manager. Although Ms. Smith did not respond to a request for interview, Mr. [Doe] provided consistent information to this writer and NLCMHA Peer Support Specialist Sean Kelly in his reporting of the relationship with Ms. Smith. Further, Mr. [Doe] showed pictures on his personal cell phone of his son with the children of Ms. Smith, as confirmed by this writer's knowledge of the appearance of Ms. Smith's children. Further, the text messages provided Ms. Smith's

email address at NLCMHA for Mr. [Doe] to email her a copy of his resume to print on 2/8/18.  Given these pieces of evidence, it can be determined that the text messages were authored by Ms. Smith.  In these text messages, it confirms the report by Mr. [Doe] that he and Ms. Smith engaged in sexual acts.

Issue 2: If yes, was this an act by Ms. Smith that resulted in the sexual abuse of Mr. [Doe]?

Yes.  Sexual abuse is defined as (in relevant part) sexual contact with, or sexual penetration of a recipient, that is committed by an employee of a community mental health services program.  As it can be determined that it was more likely than not that Ms. Smith engaged in sexual contact with Mr. [Doe], this allegation is substantiated.

29.     That Defendants' actions constitute *quid pro quo* sexual harassment in violation of the Equal Protections Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

30.     That Defendants' actions constitute hostile environment sexual harassment in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

31.     That Defendants' actions constitute an infringement of Plaintiff's right to bodily integrity in the substantive due process component of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

32.     That Defendants' actions constitute abuse in violation of MCL § 330.1722.

33.     That Defendants' actions constitute *quid pro quo* sexual harassment in violation of the Michigan Elliott-Larsen Civil Rights Act.

34.     That   Defendants'   actions   constitute   hostile   public   services environment sexual harassment in violation of the Michigan Elliott-Larsen Civil Rights Act.

35.     That Defendant Smith's actions constitute assault and battery.

36.     That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

37.     That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

38.     That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – *QUID PRO QUO* SEXUAL HARASSMENT IN VIOLATION OF THE FOURTEENTH AMENDMENT & 42 U.S.C. § 1983

39.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, word for word

and paragraph for paragraph, as if fully restated herein.

40.     That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

41.     That the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

42.     That the Equal Protection Clause of the Fourteenth Amendment confers a constitutional right to be free from sex discrimination.

43.     That the Supreme Court has held for decades that sexual harassment is a form of gender discrimination proscribed by the Equal Protection Clause. *Adair v. Hunter*, 236 F. Supp. 3d 1034, 1039 (E.D. Ten.. 2017).

44.     That at all times material hereto, Plaintiff was and is a member of a protected class based on his sex and gender, male.

45.     That Plaintiff was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, criminal sexual conduct, and sexual abuse.

46.     That said harassment was based on sex.

47.     That but for Plaintiff's sex, he would not have been the object of harassment.

48.     That Plaintiff's submission to said harassment was an express or implied condition of continuing receipt of benefits provided by Defendant NLCMHA.

49.     That at all times material hereto, Defendant Smith acted under the color of State law.

50.     That Defendant Smith pursuant to an official policy or custom.

51.     That Defendant NLCMHA had a policy of inadequate training or supervision of its case managers.

52.     That Defendant NLCMHA had a custom of tolerance or acquiescence of federal rights violations.

53.     That Defendant Smith is not entitled to qualified immunity.

54.     That Plaintiff's rights to be free from sexual harassment was clearly established when he suffered the above described sexual harassment.

55.     That Defendants' actions constitute *quid pro quo* sexual harassment in violation of the Equal Protections Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

56.     That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

pleasures, and disruption of lifestyle.

57.     That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF THE EQUAL PROTECTION CLAUSE & 42 U.S.C. § 1983

58.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations and paragraphs 39 through 57 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

59.     That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

60.     That the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.

61.     That the Equal Protection Clause of the Fourteenth Amendment confers a constitutional right to be free from sex discrimination.

62.     That the Supreme Court has held for decades that sexual harassment is a form of gender discrimination proscribed by the Equal Protection Clause. *Adair*, 236 F. Supp. 3d at 1039.

63.     That at all times material hereto, Plaintiff was and is a member of a protected class based on his sex and gender, male.

64.     That Plaintiff was subject to unwelcome sexual harassment in the form of sexual abuse and criminal sexual conduct.

65.     That said harassment was based on his sex.

66.     That but for his sex, Plaintiff would not have been an object of harassment.

67.     That said harassment was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's receipt of mental health services from Defendant NLCMHA and created an abusive and hostile environment.

68.     That said harassment was severe enough to create an environment that a reasonable person would find hostile or abusive and Plaintiff subjective regards that environment as hostile or abusive.

69.     That at all times material hereto, Defendant Smith acted under the color of State law.

70.     That Defendant Smith pursuant to an official policy or custom.

71.     That Defendant NLCMHA had a policy of inadequate training or

supervision of its case managers.

72.    That Defendant NLCMHA had a custom of tolerance or acquiescence of federal rights violations.

73.    That Defendant Smith is not entitled to qualified immunity.

74.    That Plaintiff's rights to be free from sexual harassment was clearly established when he suffered the above described sexual harassment.

75.    That Defendants' actions constitute hostile environment sexual harassment in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

76.    That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

77.    That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

### COUNT III – VIOLATION OF RIGHT TO BODILY INTEGRITY IN THE SUBSTANTIVE DUE PROCESS COMPONENT OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT & 42 U.S.C. § 1983

78.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, paragraphs 39 through 57 of Count I, and paragraphs 58 through 77 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

79.     That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

80.     That the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

81.     That the substantive due process component of the Due Process Clause "specifically protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-721; 117 S. Ct. 2258; 138 L. Ed. 2d 772 (1997).

82.     That the liberty interests secured by the Due Process Clause include the right to enjoy those privileges long recognized at common law as essential to

the orderly pursuit of happiness by free men.

83.    That the Supreme Court has held that these common law privileges specifically embrace the right to bodily integrity, and the right not to be subjected to arbitrary and capricious government action that shocks the conscious and violates the decencies of civilized conduct.  *Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019).

84.    That the "right to personal security and to bodily integrity bears an impressive constitutional pedigree."  *Id*. at 918-919.

85.    That Defendants violated Plaintiff's right to bodily integrity by committing criminal sexual conduct and sexually abusing him.

86.    That the criminal sexual conduct engaged in by Defendant Smith violates Michigan law.

87.    That MCL § 750.520e provides, in pertinent part:

> A person is guilty of criminal sexual conduct in the fourth degree if he or she engaged in sexual contact with another person and . . . [t]he actor is a mental health professional and the sexual contact occurs during or within 2 years after the period in which the victim is his or her client or patient and not his or her spouse.

MCL § 750.520e(1)(e).

88.    That the conscious-shocking nature of Defendants' treatment of Plaintiff is demonstrated by the nature of the relationship between Defendant Smith and Plaintiff.

89.     That Plaintiff was an individual experiencing multiple mental disorders and receiving mental health services from Defendants.

90.     That said relationship demonstrates a significant imbalance of power and authority making Defendant Smith's criminal and abusive behavior more shocking.

91.     That the conscious-shocking nature of Defendants' treatment of Plaintiff is demonstrated by the length of time over which Plaintiff suffered the criminal and abusive sexual contact.

92.     That the conscious-shocking nature of Defendants' treatment of Plaintiff is demonstrated by the ability Defendant Smith had to reflect and deliberate on the course of her conduct.

93.     That That the conscious-shocking nature of Defendants' treatment of Plaintiff is demonstrated by the complete lack of any legitimate government purpose that could have motivated Defendant Smith's actions.

94.     That Defendants' actions shock the conscious and violates the decencies of civilized conduct.

95.     That at all times material hereto, Defendant Smith acted under the color of State law.

96.     That Defendant Smith pursuant to an official policy or custom.

97.     That Defendant NLCMHA had a policy of inadequate training or

supervision of its case managers.

98.   That Defendant NLCMHA had a custom of tolerance or acquiescence of federal rights violations.

99.   That Defendant Smith is not entitled to qualified immunity.

100.   That Plaintiff's right to bodily integrity was clearly established when he suffered the above criminal and abusive behavior.

101.   That Defendants' actions constitute an infringement of Plaintiff's right to bodily integrity in the substantive due process component of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

102.   That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

103.   That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## <u>COUNT IV – ABUSE IN VIOLATION OF MCL § 330.1722</u>

104.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, paragraphs 39 through 57 of Count I, paragraphs 58 through 77 of Count II, and paragraphs 78 through 103 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

105.    That MCL § 330.1722 provides, in pertinent part:

(1) A recipient of mental health services shall not be subjected to abuse or neglect.

*    *    *

(3) A recipient of mental health services who is abused or neglected has a right to pursue injunctive and other appropriate civil relief.

MCL § 330.1722(1), (3).

106.    That MCL § 330.1722's plain language creates a private cause of action. *Lanman v. Hinson*, 529 F.3d 673, 689 (6th Cir. 2008).

107.    That at all times material hereto, Defendant NLCMHA was and is a "community mental health services program" as defined by the Michigan Mental Health Code.  MCL § 330.1100a(18).

108.    That at all times material hereto, Plaintiff was a "recipient" as defined by the Michigan Mental Health Code.  MCL § 330.1100c(11)("'Recipient' means an individual who receives mental health services, either in person or through telemedicine, from the department, a community mental health services program,

or a facility or from a providence that is under contract with the department or a community mental health services program.").

109.   That these provisions of the Michigan Mental Health Code make the prohibition against abuse applicable to Defendants.

110.   That the Michigan Mental Health Code must be read *in pari materia* with the Michigan Governmental Tort Liability Act, MCL § 691.1401 *et seq*.

111.   That where a statute makes a prohibition against a type of behavior expressly applicable to a government entity and there is no statutory language freeing the government from the statute's requirements, Michigan considers veil of governmental immunity to be removed.  *See*, *e.g.*, *Mack v. City of Detroit*, 467 Mich. 186; 649 N.W.2d 47 (2002); *Manning v. City of Hazel Park*, 202 Mich. App. 685; 509 N.W.2d 874 (1993); *Anzaldua v. Band*, 457 Mich. 530; 578 N.W.2d 306 (1998); *Debano-Griffin v. Lake County*, 493 Mich. 167; 828 N.W.2d 634 (2013); *Malcolm v. City of East Detroit*, 437 Mich. 132; 468 N.W.2d 479 (1991).

112.   That Defendants subjected Plaintiff to abuse.

113.   That the Michigan Mental Health Code defines "abuse" as the following:

> [N]onaccidental physical or emotional harm to a recipient, or sexual contact with or sexual penetration of a recipient as those terms are defined in section 520a of the Michigan penal code, 1931 PA 328, MCL 750.520a, that is committed by an employee or volunteer of the department, a community mental health services program, or a licensed hospital or by an employee or volunteer of a service provider

under contract with the department, community mental health services program, or licensed hospital.

MCL § 330.1100a(2).

114.   That Plaintiff was subjected to sexual contact and sexual penetration by an employee of a community mental health services program while a recipient.

115.   That in the Office of Recipient Rights summary report, Defendant NLCMHA admitted that more likely than not Plaintiff was sexually abused.

116.   That Defendants' actions constitute abuse in violation of MCL § 330.1722.

117.   That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

118.   That Plaintiff hereby claims any and all costs, interest, and attorney fees permitted by statute, common law, and/or court rule.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT V – *QUID PRO QUO* SEXUAL HARASSMENT IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

119.   That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, paragraphs 39 through 57 of Count I, paragraphs 58 through 77 of Count II, paragraphs 78 through 103 of Count III, and paragraphs 104 through 118 of Count IV, word for word and paragraph for paragraph, as if fully restated herein.

120.   That at all times material hereto, Defendant NLCMHA was and is a "public service" as the term is defined by the Michigan Elliott-Larsen Civil Rights Act.  MCL § 37.2301(b).

121.   That the Michigan Elliott-Larsen Civil Rights Act makes it unlawful for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a public service because of sex.  MCL § 37.2302(a).

122.   That discrimination because of sex includes sexual harassment.  MCL § 37.2103(i).

123.   That Michigan defines sexual harassment as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature where submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain public services.  MCL § 37.2103(i)(*i*).

124.   That at all times material hereto, Plaintiff was and is a member of a protected class based on his sex and gender, male.

125.   That Plaintiff was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, criminal sexual conduct, and sexual abuse.

126.   That said harassment was based on sex.

127.   That but for Plaintiff's sex, he would not have been the object of harassment.

128.   That Plaintiff's submission to said harassment was an express or implied condition of continuing receipt of benefits provided by Defendant NLCMHA.

129.   That Defendants' actions constitute *quid pro quo* sexual harassment in violation of the Michigan Elliott-Larsen Civil Rights Act.

130.   That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

131.   That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT VI – HOSTILE PUBLIC SERVICES ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

132.  That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, paragraphs 39 through 57 of Count I, paragraphs 58 through 77 of Count II, paragraphs 78 through 103 of Count III, paragraphs 104 through 118 of Count IV, and paragraphs 119 through 131 of Count V, word for word and paragraph for paragraph, as if fully restated herein.

133.  That at all times material hereto, Defendant NLCMHA was and is a "public service" as the term is defined by the Michigan Elliott-Larsen Civil Rights Act.  MCL § 37.2301(b).

134.  That the Michigan Elliott-Larsen Civil Rights Act makes it unlawful for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a public service because of sex.  MCL § 37.2302(a).

135.  That discrimination because of sex includes sexual harassment.  MCL

§ 37.2103(i).

136.  That Michigan defines sexual harassment as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature where the conduct or communication has the purpose or effect of substantially interfering with an individual's public services or creating an intimidating, hostile, or offensive public services environment.  MCL § 37.2103(i)(*iii*).

137.  That at all times material hereto, Plaintiff was and is a member of a protected class based on his sex and gender, male.

138.  That Plaintiff was subject to unwelcome sexual harassment in the form of sexual abuse and criminal sexual conduct.

139.  That said harassment was based on his sex.

140.  That but for his sex, Plaintiff would not have been an object of harassment.

141.  That said harassment was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's receipt of mental health services from Defendant NLCMHA and created an abusive and hostile environment.

142.  That said harassment was severe enough to create an environment that a reasonable person would find hostile or abusive and Plaintiff subjective regards that environment as hostile or abusive.

143. That Defendants' actions constitute hostile public services environment sexual harassment in violation of the Michigan Elliott-Larsen Civil Rights Act.

144. That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

145. That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT VII – ASSAULT & BATTERY BY DEFENDANT SMITH

146. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of his Common Allegations, paragraphs 39 through 57 of Count I, paragraphs 58 through 77 of Count II, paragraphs 78 through 103 of Count III, paragraphs 104 through 118 of Count IV, paragraphs 119 through 131 of Count V, and paragraphs 132 through 145 of Count I, word for

word and paragraph for paragraph, as if fully restated herein.

147.   That Defendant Smith willfully and harmfully or offensively touched Plaintiff.

148.   That Defendant Smith intended to so touch Plaintiff.

149.   That alternatively, Defendant Smith attempted to commit a battery upon Plaintiff.

150.   That Defendant Smith's actions were unjustified under the circumstances.

151.   That Defendant Smith's actions constitute an assault and/or battery.

152.   That as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

153.   That Plaintiff hereby claims any and all costs, interest, and attorney fees permitted by statute, common law, and/or court rule.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>November 6, 2020</u>     By:     <u>*/s/ Kevin J. Kelly*</u>
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
<u>kkelly@mastromarcofirm.com</u>

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JOHN DOE, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: November 6, 2020       By:    /s/ Kevin J. Kelly
                                                KEVIN J. KELLY (P74546)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414
                                                kkelly@mastromarcofirm.com