UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN DOE,

        Plaintiff,

v.

NORTHERN LAKES COMMUNITY
MENTAL HEALTH AUTHORITY,
CHRISTINE M. SMITH,

        Defendants.
_____/

Case No. 20-CV-12997
Honorable Thomas L. Ludington

**ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO PROCEED PSEUDONYMOUSLY**

On November 6, 2020, Plaintiff John Doe filed a complaint against Defendants Northern Lakes Community Mental Health Authority ("NLCMHA") and Christine M. Smith, alleging violations of the Fourteenth Amendment and Michigan law. ECF No. 1. Plaintiff, who was a patient at NLCMHA, alleges that Defendant Smith, his social worker, sexually harassed and abused him. *Id.* Plaintiff moves for a protective order allowing him to proceed pseudonymously. For the reasons stated below, his motion will be granted.

**I.**

**A.**

"As a general matter, a complaint must state the names of all parties. Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (internal citations omitted).

> They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs

to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

**B.**

Here, Plaintiff raises serious allegations against NLCMHA, an alleged governmental unit,[1] and Defendant Smith, its employee. These allegations will require Plaintiff to disclose intimate information regarding his mental health and prior sexual acts. Additionally, other courts of this Circuit have allowed litigants to proceed pseudonymously where the case involved allegations of sexual misconduct. *See, e.g.*, *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018) (involving Title IX and § 1983 claims against university and allegations of sexual misconduct among students). Plaintiff agrees to "privately disclose his identity to the Court and [] Defendants so as not to create any appearance of prejudice." ECF No. 2 at PageID.30. Based on the foregoing, Plaintiff's motion will be granted.

**II.**

Accordingly, it is **ORDERED** that Plaintiff John Doe's Motion for Protective Order for Permission to Proceed Pseudonymously, ECF No. 2, is **GRANTED**. Plaintiff may proceed pseudonymously but must disclose his identity to the Court, Defendants, or others as directed by order of this Court.

Dated: November 19, 2020                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

[1] Plaintiff alleges that NLCMHA "is a multi-county community mental health authority created pursuant to MCL 330.1205 of the Michigan Public Health Code." ECF No. 1 at PageID.2.